**Virginia L. CURRY, Plaintiff–Appellant,**

v.

**CASS COUNTY MENTAL HEALTH ASSOCIATION, an Illinois Not–for–Profit Corporation and Don Cates, Defendants–Appellees.**

No. 01–2553.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 25, 2002.

Decided March 18, 2002.

Before POSNER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

Virginia Curry appeals the district court's granting of summary judgment to defendants Cass County Mental Health Association and one of its supervisors, Don Cates (together, the "Association"). The Association employed Curry as a substance abuse counselor and remedial instruction counselor. She suffers from severe respiratory problems, which cause asthma-like symptoms, including wheezing and other breathing difficulties. These symptoms severely restrict her physical activities, *e.g.*, she is unable to walk more than short distances due to shortness of breath. As treatment, she uses a nebulizer at least twice a day, including during her lunch hour, and doctors appointments and severe respiratory attacks have caused her to be absent from work several times in the past.

■ Curry alleges that she was unjustly terminated from her job by the Association due to a disability, *viz.* her respiratory condition, an action that violated the Americans with Disabilities Act, 42 U.S.C. § 12112(a) ("ADA"). Without direct evidence showing that her dismissal was improper under the ADA, she attempts in this appeal to present her claim using indirect evidence. This requires adherence to the burden-shifting framework of *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Because Curry fails in her burden to present a prima facie case under this standard, we affirm the district court.

Curry was fired from her position at the Association after events involving counseling sessions she conducted with a mother and daughter. During one session, the daughter asked to speak with Curry separately, without the mother present. Curry obliged, then spoke with the mother, without the daughter present. During her separate conversation with the mother,

Curry relayed information learned from the daughter, whose remarks she had assured the daughter would be confidential. The Association learned of this breach of client confidentiality and terminated Curry for failing to comply with its stated policy regarding client confidentiality and the applicable governing confidentiality statute, the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILL. COMP. STAT. 110/3.

When reviewing a district court's decision granting grant summary judgment, our review is de novo, *see, e.g., Grube v. Lau Indus., Inc.,* 257 F.3d 723, 727 (7th Cir.2001), and we view the evidence in the light most favorable to the nonmoving party, making all reasonable, justifiable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Like the district court, we need not decide whether Curry's respiratory problems warrant classification as a disability under the ADA, since she has failed to show that her alleged disability relates to her termination in any way.

■ To properly present an ADA claim based on indirect evidence, Curry must demonstrate, *inter alia,* that she suffered an adverse employment action because of her disability. *Pugh v. City of Attica,* 259 F.3d 619, 625 (2001). While her termination can be considered an adverse employment action, Curry has not presented any evidence suggesting that the Association terminated her employment because of her alleged disability. Indeed, Curry's pleadings make no attempt to adhere to the relevant prima facie case structure of *McDonnell Douglas,* let alone establish a causal connection between her respiratory ailment and her termination. She first attempts to describe her breach of confidentiality as one permissible under the governing Illinois statute, then describes

why she believes that her ailment is a disability for ADA purposes. We cannot discern from the facts and arguments in the briefs, nor from oral argument, any plausible linkage between Curry's dismissal and her respiratory condition, even if we assume, like the district court, that she was disabled for ADA purposes. Without such a linkage, Curry's claim must fail.

Curry argues that her disclosure of the above-mentioned information from the daughter to the mother was permissible under the Illinois confidentiality statute. We surmise that this is an attempt to describe the Association's basis for terminating her employment as pretextual. Merging the cause and pretext inquiries of *McDonnell Douglas* is sometimes appropriate when an employer's expectations are "wholly dependant" on the reasons for termination alleged by the plaintiff to be a pretext for discrimination. *See, e.g., Fisher v. Transco Services–Milwaukee, Inc.,* 979 F.2d 1239, 1243 (7th Cir.1992). In this case, however, Curry's failure to link her dismissal to her respiratory problems is a fatal flaw, which is not saved by her attempt to merge the cause and pretext inquiries. Since Curry has not presented a prima facie case of unlawful termination under the ADA, we AFFIRM the district court's grant of summary judgment to the defendants.